UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
SAMANTHA BENYO, :
: CASE NO. 1:12-CV-02088
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 20, 22]
CAROLYN W. COLVIN, :
Acting Commissioner of Social Security, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Samantha Benyo moves the Court for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] Though the Commissioner does not dispute her entitlement to fees, or the reasonableness of the hours billed on her case, the Commissioner challenges the hourly billing rates used in calculating in her fee application.[2] Because Benyo's counsel's experience in this field warrants a fee increase beyond the presumptive statutory maximum, the Court **GRANTS** Benyo's application, **AWARDS** attorney fees to Benyo at the rate of $175.60 per hour for 2012 compensable hours and $175 per hour for 2011 compensable hours, and **ORDERS** payment consistent with this opinion.

**I. Background**

On August 13, 2012, Plaintiff Samantha Benyo filed a complaint seeking review of the Defendant Commissioner of Social Security's decision to deny her application for supplemental

---

[1] Doc. 20.
[2] Doc. 22 at 2.

-1-

Case No. 1:12-CV-02088
Gwin, J.

security income and disability benefits.[3] On January 28, 2013, the parties jointly moved the Court to reverse the Commissioner's decision and remand the case back to the Commissioner for further proceedings.[4] On January 20, 2013, the Court granted the parties' motion.[5]

On March 3, 2013, Benyo filed this application for attorney fees under the Equal Access to Justice Act, ("EAJA"), which provides that:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[6]

She seeks an award of attorney fees at the rate of $175.00 per hour for compensable hours billed in 2011 and $175.60 per hour in 2012.[7]

## II. Legal Standard

Under the EAJA, a prevailing party in litigation with the United States is presumptively entitled to reasonable attorney fees unless the government shows that the position of the United States was substantially justified, or that special circumstances make an award unjust.[8] A Social Security claimant who obtains a remand order from a federal district court pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA.[9]

The EAJA does, however, provide a presumptive $125.00 statutory cap on the hourly billing rates that a prevailing party may be reimbursed.

---

[3] Doc. 1 at 2.
[4] Doc. 17.
[5] Doc. 18.
[6] 28 U.S.C. § 2412(d)(1)(A).
[7] Doc. 20-1 at 3.
[8] 28 U.S.C. § 2412(d)(1)(A).
[9] *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Case No. 1:12-CV-02088
Gwin, J.

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.[10]

A prevailing party may seek fees in excess of the presumptive statutory cap, but "bears the burden of producing appropriate evidence to support the requested increase."[11]

### III. Discussion

The parties do not dispute Benyo's entitlement to attorney fees. Nor do the parties dispute the number of hours billed by Benyo's attorney in this case. The only issue for the Court's consideration is the appropriate hourly rate upon which her fee award should be based.

Benyo says that the Court should award fees in excess of the usual $125.00 hourly limit. First, she says that the cost of living has increased since 1996, when the EAJA cap was increased from $75.00 to its current presumptive limit of $125.00.[12] Second, she says that she is entitled to increased fees because the prevailing hourly rate customarily charged by attorney's in Cleveland is higher than the statutory cap.[13] Third, she says, her attorney charges more than the rate requested when she submits a Social Security fee petition.[14] She also notes her attorney's over-thirty years of experience in Social Security cases.[15]

*A. Cost-of-Living Increases*

---

[10] 28 U.S.C. § 2412(d)(1)(A).
[11] *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).
[12] Doc. 20-1 at 2.
[13] *Id.*
[14] *Id.*
[15] Doc. 20-2 at 1.

Case No. 1:12-CV-02088
Gwin, J.

Benyo is correct that cost-of-living expenses, if adequately shown to impact the availability and cost of providing adequate legal services, may justify a fee award beyond the presumptive statutory cap.[16] But unlike other jurisdictions, the Sixth Circuit does not treat Consumer Price Index-based fee increases "as perfunctory or . . . mandatory" but "leaves the matter to the sound discretion of the district court."[17] In the Sixth Circuit, evidence from the Consumer Price Index is "not enough" to justify an increase in fees.[18]

Here, apart from her insufficient reference to the Consumer Price Index, Benyo fails to make a showing that practice at the $125 rate is commercially impracticable. She therefore fails to bear her burden of proof to show that inflation justifies a cost-of-living increase.[19]

*B. Prevailing Rates and Special Factors*

Benyo says that she is entitled to a fee increase because the prevailing market rates for Cleveland attorneys are substantially higher than the statutory cap. But a higher prevailing rate, if established, simply triggers the statutory cap. It does not *ipso facto* satisfy the plaintiff's burden to demonstrate special factors to justify increased fees.[20] Even if the prevailing local rate for identical services exceeds the statutory cap, Benyo must still demonstrate special factors that warrant an increased award before she may receive enhanced fees.

---

[16] 28 U.S.C. § 2412(d)(1)(A).
[17] *Begley v. Sec'y of Soc. Sec.*, 966 F.2d 196, 200 (6th Cir. 1992).
[18] *Bryant*, 578 F.3d at 450; *see also Darabed v. Astrue*, No. 1:10-cv-2626, ECF Doc. No. 26 (N.D. Ohio May 30, 2012) (denying increased-rate fee award); *Williams v. Astrue*, No. 3:10-cv-02354, ECF Doc. No. 25, at 5 (N.D. Ohio May 23, 2012) (same).
[19] *Begley*, 966 F.2d 196 ("The issue is, and must remain, whether these increases in the cost of living 'justif[y] a higher fee.'"); *see also Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (Posner, J.) ("The framers of the Equal Access to Justice Act were right therefore not to create an entitlement to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.") (emphasis in original) (citing *Bryant*, 578 F.3d at 450.).
[20] *See Matthews-Sheets*, 653 F.3d at 562 ("The Equal Access to Justice Act does not authorize an award of the prevailing hourly rate, as such, unless it is less that $125 an hour.").

Case No. 1:12-CV-02088
Gwin, J.

In support of her requested fee increase, Benyo submits evidence of median attorney billing rates from the Ohio State Bar Association.[21] But the Court must consider "the prevailing market rate for attorneys' services *of the kind and quality rendered in this case*."[22] Here, Benyo has failed to submit evidence with indices as to kind or quality of services rendered, and thus, the Ohio State Bar Association survey data is insufficient. The billing data from Benyo's Consumer Law survey is equally unhelpful, for there is no indication that any Social Security-specific practices comprise any statistically significant position—or any position at all—among the survey respondents.[23] Neither survey establishes any meaningful prevailing rate for the legal services "of the kind and quality" provided here, much less any specific facts that might warrant a fee increase were the prevailing rate higher than the presumptive fee cap.

Benyo also says that she is entitled to increased fees because her attorney customarily charges more than $125.00 per hour to submit Social Security fee petitions.[24] This may be true, but her individuated billing rates are not themselves a "special factor" for the purposes of the EAJA. They do not demonstrate that "a lawyer capable of competently handling the challenge that [her] client mounted to the denial of Social Security disability benefits could not be found in the relevant geographical area to handle such a case."[25] And the public record shows otherwise.[26]

---

[21] Doc. 20-7.

[22] *Begley*, 966 F.2d at 200 (emphasis added).

[23] The survey describes its heartland respondents as practicing in the fields of fair credit, consumer banking, and credit discrimination lawsuits. *See* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report, 2010-11, at 1 (available at www.lb7.uscourts.gov/documents/ILSD/11-53.pdf) (last accessed December 17, 2012). It was circulated among members of the National Association of Consumer Advocates, an advocacy group that does not include Social Security benefits among its "Key Issues."

[24] Doc. 20-1 at 2.

[25] *Matthews-Sheets*, 653 F.3d at 563.

[26] *Bouter v. Comm'r of Soc. Sec.*, No. 1:09-cv-2682, ECF Doc. No. 21 at 1 (N.D. Ohio Dec. 1, 2011) (motion for attorney fees) (requesting fee award for Social Security advocacy at rate of $125.00 per hour.)

Case No. 1:12-CV-02088
Gwin, J.

Similarly, though Benyo's counsel says that her attorney's practice is both specialized and experienced,[27] niche expertise "does not in itself warrant a fee in excess of the statutory rate."[28] The EAJA permits plaintiffs to seek enhanced fees where specific skills and knowledge necessary to litigate of a particular case are not held among more general practitioners.[29] General evidence that her attorney specializes in Social Security advocacy does not justify enhanced fees.[30]

Nonetheless, Benyo says that recent cases from the Northern District of Ohio have recognized enhanced fees as the customary hourly rate.[31] The Court acknowledges that Judges in this district have on occasion granted fees at rates above the presumptive cap.[32] Nonetheless, no authority excuses the Court from its duty to exercise its discretion consistent with the evidence in this application.

Yet in context of this discretion, the Court recognizes that Benyo's counsel has over-thirty years of experience in Social Security law.[33] Benyo's counsel says she has represented thousands of claimants in social security cases and has taught the subject as an adjunct professor at Cleveland Marshall College of Law.[34] With experience comes greater familiarity, facility, and, therefore, speed. While no two cases are identical, economies based on Benyo's counsel's experience in this

---

[27] Doc. 20-2.
[28] *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994).
[29] *Pierce v. Underwood*, 487 U.S. 552, 572 (1988) ("limited availability" exception "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question," but only permits above-cap reimbursement where counsel with requisite speciality cannot be procured at the statutory cap).
[30] *See Fawcett v. Barnhart*, No. 4:04-cv-2448, 2008 WL 2783494, at *5 (N.D. Ohio July 15, 2008) (O'Malley, J.) ("Plaintiff's counsel's expertise in Social Security cases [including specialized subject-matter knowledge and practice-based accreditation] does not justify the enhanced hourly rate.").
[31] Doc. 20-1.
[32] *See, e.g.*, *Tantari v. Astrue*, No. 1:11-cv-901, ECF Doc. No. 28, at 4 (N.D. Ohio August 16, 2012) (collecting cases granting higher awards).
[33] Doc. 20-2 at 1.
[34] *Id*.

Case No. 1:12-CV-02088
Gwin, J.

area at least warrant that the time spent on this matter be compensated at a higher rate.[35]

### IV. Conclusion

For the reasons above, the Court **GRANTS** Benyo's application, **AWARDS** attorney fees to Benyo at the rate of $175.60 per hour for 2012 compensable hours and $175 per hour for 2011 compensable hours, and **ORDERS** payment consistent with this opinion.

IT IS SO ORDERED.


Dated: March 22, 2013                     s/     *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[35] *See, e.g.*, *Willis v. Comm'r of Soc. Sec.*, 10-CV-594, 2012 WL 4322604 (S.D. Ohio Sept. 20, 2012) (citing attorney's thirty-five years of experience).