UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
SAMANTHA BENYO,                             :    CASE NO. 1:12-CV-02088
                                            :
         Plaintiff,                         :
                                            :
v.                                          :    OPINION & ORDER
                                            :    [Resolving Doc. 24]
CAROLYN W. COLVIN,                          :
Acting Commissioner of Social Security      :
                                            :
         Defendant.                         :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Samantha Benyo's counsel. seeks $13,221.50 in attorney fees under 42 U.S.C. §406(b).[1] Defendant Commissioner of Social Security does not dispute that Plaintiff's counsel is entitled to collect attorney fees for counsel's representation of Plaintiff in this case.

However, Defendant argues that counsel may not be entitled to the full amount sought. Defendant notes that Plaintiff may have previously been awarded $12,617.00 in benefits on another earnings record, which could offset the amount of benefits owed in this case and therefore reduce the maximum award of attorney fees.[2] Defendant asks this Court to "specify that direct payment by the Commissioner of any fee awarded is subject to the availability of withheld past-due benefits."[3] For the following reasons, the Court **GRANTS** Plaintiff's motion

---

[1] Doc. 24. Defendant responds. Doc. 26.
[2] *See* 42 U.S.C. § 406(b)(1).
[3] Doc. 26 at 1–2.

-1-

Case No. 1:12-CV-02088
Gwin, J.

for attorney fees subject to the availability of the full amount of Plaintiff's past-due social security benefits award.

## II. Discussion

Plaintiff was awarded $82,886.00 in past due benefits after six years of representation by counsel.[4] Under Plaintiff and counsel's fee agreement, counsel is entitled to 25 per cent of the $82,866.00, or $20,721.50.[5] Administrative Law Judge Peter Bronson authorized counsel to collect $7,500 out of the award.[6] As a result, counsel seeks the remaining $13,221.50 to arrive at the 25 per cent cap.

With her response, Defendant points out that Plaintiff also received an award for $12,617.00 in another matter.[7] This figure could offset the award in this case, reducing it to $70,286.50. If that offset occurs, then the new 25 per cent cap would be $17,567.12. After factoring in the ALJ authorization for $7,500, the amount Defendant would be entitled to is $10,067.12.[8] That figure is $3,154.38 less than the amount Plaintiff's counsel seeks in fees.

Rather than waiting to see whether the $12,617.00 award will offset the award and reduce counsel's attorney fees by $3,154.38 in this case, the Court awards Plaintiff's counsel $13,221.50 in attorney fees subject to the availability of the full $82,866.00 award in this case.

---

[4] Doc. 24 at 6.
[5] Doc. 24-3.
[6] Doc. 24-1.
[7] Doc. 26 at 1.
[8] *See* 42 U.S.C. § 406(b)(1).

Case No. 1:12-CV-02088
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for attorney fees subject to the availability of the full amount of Plaintiff's past-due social security benefits.

IT IS SO ORDERED.


Dated: October 9, 2015.                         s/      *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE